IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
September 14, 2020

**BENJAMIN MCCURRY v. AGNESS MCCURRY**

**Appeal from the Circuit Court for Washington County**
**No. 38147     James E. Lauderback, Judge**

———————————————————

**No. E2020-01085-COA-R3-CV**

———————————————————

The Notice of Appeal filed by the appellant, Agness McCurry, stated that the appellant was appealing the judgment entered on August 17, 2020.  As the August 17, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Agness McCurry, Johnson City, Tennessee, pro se appellant.

Donna Michael Hall Bolton, Johnson City, Tennessee, for the appellee, Benjamin McCurry.

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only.").

Specifically, the notice of appeal filed on August 18, 2020, states that the appellant, Agness McCurry, is appealing the judgment entered on August 17, 2020. The August 17, 2020 order, however, does not appear to be a final appealable judgment as it reserves for further hearing a motion for contempt, a motion for sanctions, and issues regarding child support and outstanding medical bills.

The appellant filed a response to our show cause order, in which appellant argues "that the Trial Court did enter its final order on 9th October 2019 when it entered the order of the Permanent Parenting Plan." We agree that the Trial Court's October 9, 2019 order constituted a final judgment as it fully and finally disposed of the issues in the parties' divorce suit. Appellant, however, did not timely appeal the October 9, 2019 order. *See* Tenn. R. App. P. 4 ("the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from. . ..."). We are not at liberty to suspend the time limit for filing a notice of appeal. *See* Tenn. R. App. P. 2 ("this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4. . ..."). As appellant failed to timely appeal the October 9, 2019 order, this Court lacks jurisdiction to consider appellant's allegations and arguments regarding the October 9, 2019 order.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As an appeal of the October 9, 2019 order was not timely filed, and the August 17, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Agness McCurry, for which execution may issue.

**PER CURIAM**